## Case No. 5,053.

### In re FRANKLIN.

[8 Ben. 233.] [1]

District Court, S. D. New York. Aug., 1875.

A. Loring Cushing, for creditors.
Charles Wehle, for debtor.

BLATCHFORD, District Judge. The only act of bankruptcy alleged is, that the debtor sold a stock of goods worth about $7,500, to his wife, for about $5,000; that he afterwards claimed to have lost the $5,000; that the sale was made by him with intent to delay, defraud and hinder his creditors; and that he claims he owes only about $4,500, but is unable to pay his creditors in full, and, because of the loss of the $5,000, will not be able to pay more than 25 cents on the dollar of his indebtedness. The petition alleges that the debtor was possessed of a stock of goods of the value of about $7,500, but no passing of any such goods from the possession of the debtor to that of his wife is shown, nor any possession of them by the wife, nor the fact of any sale. It is not shown that, if there was a sale, it was not for full value, or

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

that there was any fraudulent intent in it. The only evidence of any sale is the statement of the debtor to that effect. But it was part of the same statement, that he had received the $5,000 and lost it. The statement, if good to prove one fact, is good to prove the other. It is not otherwise shown that the debtor had the $5,000. The petition, while alleging that the debtor sold the goods for $5,000, does not allege that he did not lose the $5,000. It only alleges that he claims to have lost it. It is not shown that he did not lose it. If there were any evidence that he had the $5,000, other than his own statement, put in evidence on the part of the creditors, that he had it and lost it, he might properly be called upon to show, by his own oath, the circumstances of the loss. As it is, the creditors have proved that the debtor sold goods for $5,000 and lost the money casually or by robbery. That is no act of bankruptcy. No intent to defraud by the sale is shown. The petition is dismissed, with costs.